**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**JOHNNY MCCOOL LOGGING**                                                      **PLAINTIFFS**
**COMPANY, INC.,** *an Administratively*
*Dissolved Mississippi Corporation, by its*
*Shareholder, Johnny McCool*;
**JOHNNY MCCOOL TRUCKING**
**COMPANY, INC.,** *an Administratively*
*Dissolved Mississippi Corporation, by its*
*Shareholder, Johnny McCool*;
**JOHNNY MCCOOL,** *Individually*;
**JUDY MCCOOL,** *Individually*

v.                                        **CAUSE NO. 3:12-CV-107-CWR-FKB**

**UNITED STATES OF AMERICA**                                      **DEFENDANT**

## ORDER

Before the Court is the defendant's motion to dismiss. Docket No. 9. The plaintiffs have responded, Docket No. 10, the defendant has replied, Docket No. 11, and the matter is ready for review. The motion will be granted.

**I.**      **Factual and Procedural History**

In February 2012, plaintiffs Johnny McCool Logging Company, Johnny McCool Trucking Company, Johnny McCool, and Judy McCool brought this suit against the United States.[1] Docket No. 1. They claimed that the Internal Revenue Service (IRS) incorrectly levied their bank account, pursuant to a Notice of Levy issued November 3, 2010, to cover tax shortfalls from tax years 2004, 2005, and 2006.[2] *Id.* at 1-3.

More specifically, the complaint alleged that the IRS improperly let the plaintiffs' accounting firm advocate for the plaintiffs before the IRS, which exceeded the scope of the firm's authority. *Id.* at 4-5. As a result, the plaintiffs were not informed of their legal rights and were exposed to

---

[1] The Logging and Trucking Companies have been administratively dissolved by the State of Mississippi. Docket No. 1, at 3. Their interests are represented in this action through their owners, Johnny and Judy McCool. *Id.*

[2] The plaintiffs did not specify which entity or person was alleged to be behind on their taxes. The government's motion claims that this suit involves the employment taxes of Johnny McCool Logging Company. Docket Nos. 9, at 1; 11, at 1. Employment taxes include income and social security taxes withheld from each employee's wages, as well as the employer's social security and unemployment insurance contributions. *Id.* at 2 n.1.

substantial levies. *Id.* at 5-6. The levies left the plaintiffs unable to meet their ongoing payroll tax obligations, among other difficulties. *Id.* at 8.

The plaintiffs further claimed that the IRS improperly retained certain original bank records, erroneously calculated tax obligations, arbitrarily shortened deadlines, and failed to release the levies upon the plaintiffs' showing of hardship. *Id.* at 8-13, 21-22. They sought declaratory, monetary, and injunctive relief. *Id.* at 24-26; *see also* Docket Nos. 4-7.

On March 9, 2012, the Court held a hearing on the plaintiffs' motions for temporary restraining order and preliminary injunction. The motions were denied from the bench. This motion to dismiss followed shortly thereafter.

On October 11, 2012, in its first Order on the government's motion to dismiss, the Court gave the plaintiffs an opportunity to cure their inadequate service of the United States. Docket No. 12. The plaintiffs subsequently remedied the defect by serving the IRS in accordance with the Court's Order and the Rules of Civil Procedure. Docket No. 14. The rest of the motion to dismiss is now ripe for review.

## II.    Present Arguments

The government has two remaining arguments in support of dismissal. The first is a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. The government contends that this suit is barred by the Anti-Injunction Act (AIA) and does not fall into any exception to the AIA, since, among other reasons, the plaintiffs have not filed an administrative claim for a refund and the non-taxpayer plaintiffs lack a sufficient property interest to maintain a wrongful levy suit.[3] Docket No. 9, at 3-8. Similarly, the government argues that there is no jurisdiction over the plaintiffs' request for a declaratory judgment under the Declaratory Judgment Act. *Id.* at 8-9. It also maintains that the non-taxpayer plaintiffs lack standing to sue for damages because the United States has not waived sovereign immunity as to those persons or entities. *Id.* at 9-10.

The second argument is a Rule 12(b)(6) motion to dismiss for failure to state a claim. The government contends that McCool Logging's wrongful collection theory fails because it never exhausted administrative remedies with the IRS and because the notice of levy was properly issued

---

[3] It is not clear whether the Notice of Levy at issue has been satisfied and a refund may be sought, or instead whether the IRS continues to seek funds pursuant to this Notice of Levy.

and the plaintiffs never objected to the notice. *Id.* at 10-11.

In response to the government's Rule 12(b)(1) theory, the plaintiffs argue that two AIA exceptions apply, and jurisdiction is therefore established, because the United States: (1) issued a second Notice of Levy after this suit was filed[4] and (2) has engaged in "abusive" collection activities. Docket No. 10, at 3-6. They assert that a portion of the applicable legal standard is an unconstitutional infringement of their due process rights. *Id.* at 5. Jurisdiction is also proper over the declaratory judgment request, the plaintiffs contend, because this Court can determine the ownership of certain corporate assets under Mississippi law without running afoul of any federal tax issues. *Id.* at 7-8. With respect to sovereign immunity, they argue that it has been waived. *Id.* at 10-11.

As for the second theory, Rule 12(b)(6), the plaintiffs maintain that they properly exhausted all available administrative remedies. *Id.* at 11-12.

### III. Standards of Review

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Such a motion "should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* (citation omitted). The party asserting jurisdiction "constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* (citation omitted).

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but need not have "detailed factual allegations." *Id.* (citation and quotation marks omitted). The plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* (citation omitted).

---

[4] The second Notice of Levy, issued October 27, 2011, seeks payment for shortfalls in tax years 2007 through 2011. Docket No. 1, at 7. The plaintiffs timely requested a hearing, which to the Court's knowledge has not yet been held. *Id.*

## IV. Discussion

### A. Anti-Injunction Act

The AIA provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). "The principal purpose of the statute is the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference and to require that the legal right to the disputed sums be determined in a suit for refund." *Smith v. Rich*, 667 F.2d 1228, 1230 (5th Cir. 1982) (quotation marks and citation omitted).

The plaintiffs have attempted to avoid the reach of the AIA by invoking two of its exceptions. Neither is availing.

The statutory exception contained within 26 U.S.C. § 6331(i) does not apply because this is not a refund suit. We know that because the taxpayer in question, McCool Logging, has not filed with the IRS the required administrative claim for a refund. "Under [26 U.S.C.] § 7422(a), before a taxpayer can bring a refund suit, he or she must first fully pay the assessed tax, file an administrative claim for refund with the IRS, and wait until either the IRS denies the claim or six months have expired since filing the administrative claim." *Fletcher v. United States*, 452 F. App'x 547, 552 (5th Cir. 2011) (unpublished); *see also United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4 (2008) ("a taxpayer must file an administrative claim with the Internal Revenue Service before filing [a tax refund] suit against the Government."). Despite McCool Logging's assertion that this suit "seek[s] relief equivalent to a refund claim," it cannot short-circuit the administrative path set forth by Congress. Docket No. 10, at 3.

Nor is the judicial exception to the AIA a fruitful path to jurisdiction. It is well-established that an attempted collection of taxes may be enjoined "if it is clear that under no circumstances could the Government ultimately prevail" and "equity jurisdiction otherwise exists." *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 7 (1962). It is extremely difficult for any plaintiff to meet that burden. *See id.*; *Smith*, 667 F.2d at 1230-31. Our plaintiffs are no different. Evidence and argument from the hearing on the plaintiffs' motions for injunctive relief did not indicate that the government could not possibly prevail. Further, there is no equity jurisdiction because the plaintiffs' injuries may be remedied by a money judgment obtained via a refund suit. That is especially true because this suit

4

"seek[s] relief equivalent to a refund claim," as the plaintiffs write elsewhere. Docket No. 10, at 3. The plaintiffs' argument that the *Williams Packing* test is unconstitutional is foreclosed here, of course, but has been preserved for appellate review.

B.   **Declaratory Judgment**

The plaintiffs' request for a declaratory judgment is also barred under federal law. It is "well settled that a declaratory judgment cannot be issued in a tax case." *Horne v. United States*, 519 F.2d 51, 52 (5th Cir. 1975) (citations omitted); *see* 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration").

The plaintiffs contend that they seek a declaration of their assets under Mississippi law without implicating federal tax law, and in support cite a First Circuit decision in a quiet title action. It is not clear, though, that this Court is the appropriate court to apply Mississippi law to Mississippi plaintiffs if there is no federal tax issue and the United States is not a defendant. *See Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, 666 F.3d 932, 938 (5th Cir. 2012) ("In a declaratory judgment action, the court must determine if there would be grounds for federal jurisdiction over a hypothetical suit that would have been brought absent the availability of declaratory relief."). Further, honoring the plaintiffs' request risks turning their declaratory action into a "side door" challenge to the federal tax levies, in contravention of case law. *Crenshaw Cnty. Private Sch. Found. v. Connally*, 474 F.2d 1185, 1189 (5th Cir. 1973).

C.   **The Damages Claim**

What remains is the plaintiffs' claim under 26 U.S.C. § 7433. That statute provides for damages "[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title." 26 U.S.C. § 7433(a).

The plain language of the statute limits the cause of action to the taxpayer. *Id.* Accordingly, the government is correct that McCool Logging is the only plaintiff with standing to bring this count; the government has not waived sovereign immunity as to the individual McCools and

McCool Trucking.

In any event, McCool Logging's theory of § 7433 liability fails to state a plausible claim for relief. For one, neither the complaint nor the plaintiffs' response brief alleges that McCool Logging has exhausted the administrative prerequisites to filing a damages suit, as required by § 7433(d)(1). *See also* 26 C.F.R. § 301.7433-1(e) (describing administrative procedures for taxpayer's damages claim). But there is another problem with this theory of relief, which requires additional explanation.

Recall the plaintiffs' claim that the IRS improperly treated their accounting firm like a law firm, which left the plaintiffs ignorant of their legal rights and led to their "unknowing forfeiture of legal rights and defenses to levies." Docket No. 1, at 6, 13. As a result, the plaintiffs' funds were levied. *Id.* at 20. Even assuming that this cause of action lies against the IRS and not the plaintiffs' accounting firm, however, the timeline of events as recited in the complaint does not meet the plausibility standard.

In November 2010, the IRS issued a Notice of Levy regarding tax shortfalls in the 2004, 2005, and 2006 tax years.[5] *Id.* at 3-4. The plaintiffs did not request a hearing within the 30-day statutory period. *Id.* at 4. In July 2011, the plaintiffs hired an accounting firm, which started receiving confidential information from the IRS. *Id.* In November 2011, the IRS levied the plaintiffs' bank account pursuant to the November 2010 Notice of Levy. *Id.* at 7.

Therefore, assuming that the IRS *did* improperly communicate with the accounting firm, it is not clear how that would have made a difference to the November 2010 Notice of Levy. The plaintiffs' rights to request a hearing and stop that levy from advancing expired months before they hired the accounting firm. The plaintiffs have simply not adequately alleged how any improper communication caused the levy of funds at issue.

As a result, the one count that the Court has jurisdiction over will be dismissed for failure to state a claim.

---

[5] This part of the discussion focuses on the November 2010 Notice of Levy only, because subsequent IRS Notices appear to await an administrative hearing and therefore are proceeding through the administrative process.

V.        **Conclusion**

The government's motion to dismiss is granted.

**SO ORDERED**, this the 28th day of December, 2012.

s/Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE